UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| SYDNEY WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No: |
| | ) | |
| CITY OF MARSTON, | ) | |
| | ) | |
| Defendant. | ) | |

# COMPLAINT

**COMES NOW** plaintiff and for her causes of action against defendant states:

### Parties

1. Plaintiff is, and was at all times hereinafter mentioned, a resident of Marston, New Madrid County, Missouri, with a mailing address of 311 West Main Street, P.O. Box 388, Marston, Missouri 63866.

2. Plaintiff's race is black.

3. Plaintiff's sex is female.

4. Defendant City of Marston is, and was at all times hereinafter mentioned, a public entity and municipality located in New Madrid County, Missouri, with a mailing address of 209 East Elm Street, Marston, Missouri 63866.

### Jurisdiction

5. On or about June 22, 2009, within 180 days of the acts complained herein, plaintiff filed a charge of discrimination with the Missouri Commission on Human Rights (hereinafter "MCHR") and U.S. Equal Employment Opportunity Commission (hereinafter "EEOC") alleging

discrimination against her by the defendant because of her race and sex. A copy of said charge is attached hereto as Exhibit A and is made a part hereof.

6. On or about July 14, 2009, within 180 days of the acts complained herein, plaintiff filed a charge of discrimination with the MCHR and EEOC alleging the defendant retaliated against her because she had filed the June 22, 2009 charge of discrimination. A copy of said charge is attached hereto as Exhibit B and is made a part hereof.

7. On or about February 10, 2010, plaintiff was notified by the MCHR that she might institute a civil action in circuit court for the said charges of discrimination. Copies of said Notices of Right to Sue within ninety (90) days are attached hereto as Exhibit C (race/sex discrimination) and Exhibit D (retaliation) and are made a part hereof.

8. On or about March 25, 2010, plaintiff was notified by the EEOC that she might institute a civil action in circuit court for the said charges of discrimination. Copies of said Notices of Right to Sue within ninety (90) days are attached hereto as Exhibit E (race/sex discrimination) and Exhibit F (retaliation) and are made a part hereof.

9. Counts I, II, and III of this Complaint are authorized and instituted pursuant to the Missouri Human Rights Act, Mo. Rev. Stat. §§ 213.010 *et seq*. Jurisdiction of this Court for Counts I, II, and III is invoked pursuant to Mo. Rev. Stat. § 213.111 and 28 U.S.C. § 1367. Count VIII of this Complaint is authorized under the Missouri Sunshine Law, Mo. Rev. Stat. § 610.010 *et seq*. Jurisdiction of this Court for Count VIII is invoked pursuant to Mo. Rev. Stat. § 610.027 and 28 U.S.C. § 1367.

10. Counts IV, VI, and VII of this Complaint are authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e), *et seq*. Jurisdiction of this Court for Counts IV, VI and VII is invoked pursuant to 42 U.S.C. § 2000(e)-5(f). Count V of

this Complaint is authorized and instituted pursuant to 42 U.S.C. § 1983. Jurisdiction for Count V is invoked pursuant to 28 U.S.C. §§ 1331 and 1343.

## Facts

11. On or about May 17, 2002, plaintiff was hired by the defendant for the position of police officer at an hourly wage. In the course of her employment with defendant, plaintiff learned the skills and duties relative to that position and was rated satisfactory by the defendant.

12. At the time of plaintiff's employment with defendant and at all times relevant thereto, plaintiff was the only black employee for the defendant. At the time of the alleged acts of discrimination, defendant had at least fifteen (15) employees.

13. Plaintiff was promoted to Chief of Police in 2003.

14. Plaintiff was given a salary beginning in August 2006.

15. At all times after July 2007, defendant, through its Board of Aldermen, denied plaintiff any raises in salary despite her repeated requests for such. The Board granted raises to numerous white employees during said period.

16. On or about May 13, 2008, defendant held a Board of Aldermen meeting at which Glenn Hayes, a white employee, was granted a raise. Plaintiff requested a raise at the same said meeting and was denied one.

17. On or about August 8, 2008, Alderman Richard Strawser made sexual remarks in front of plaintiff and two other female employees, including that he liked big breasts and liked to see more cleavage.

18. On or about August 12, 2008, defendant held a Board of Aldermen meeting at which plaintiff complained verbally and in writing of Alderman Strawser's words and behavior.

19. In August and/or September 2008, members of the Board of Aldermen told plaintiff

she made too much money and asked her to accept a reduction in pay. Plaintiff refused. No other employees were asked to accept reduced pay.

20.     In September 2008, the Board of Aldermen without cause or explanation changed plaintiff's work hours from days (8:00am to 5:00pm) to nights (4:00pm to 12:00am). Defendant did not change any other employees' hours.

21.     On or about October 14, 2008, defendant held a Board of Aldermen meeting at which the Board placed plaintiff on laid-off status due to alleged "financial difficulties."

22.     Plaintiff was the only employee placed on laid-off status at said meeting. At the same said meeting, the Board hired a white employee.

23.     Immediately after the meeting, Alderman Strawser stated in reference to plaintiff that the Board had "fired that nigger."

24.     Plaintiff had worked for defendant approximately nine (9) years, more than any other city employee at the time she was placed on laid-off status. Plaintiff had received no complaints or discipline for unacceptable job performance or behavior.

25.     Defendant hired and/or gave raises to multiple white employees during the period following October 14, 2008 and prior to plaintiff's filing of her discrimination charges with the MCHR and EEOC.

26.     On or about June 11, 2009, after plaintiff inquired as to whether she would be able to return to work, defendant shut down the police department.

27.     On or about July 8, 2009, after plaintiff filed her discrimination charge against defendant based on race and sex, defendant denied plaintiff copies of minutes of Board of Aldermen meetings, which are public records. Defendant denied plaintiff copies because she had filed discrimination charges against defendant.

## COUNT I

### Race Discrimination (Missouri Human Rights Act)

28. Defendant, by and through its agents, intentionally engaged in unlawful employment practices in violation of Mo. Rev. Stat. § 213.010 *et seq.*, including but not limited to:

   a. refusing plaintiff raises while giving raises to white employees;

   b. changing plaintiff's work hours without cause or explanation while white employees' hours remained unchanged;

   c. terminating plaintiff for alleged financial difficulties while retaining all white employees and even hiring more white employees.

29. As a direct and proximate result of said unlawful employment practices, plaintiff has suffered loss of wages, benefits, experience, and career advancement, and also has suffered mental anguish and humiliation.

30. Because of said damages, plaintiff is entitled to such affirmative relief as may be appropriate, including but not limited to reinstatement, lost wages and benefits pursuant to Mo. Rev. Stat. § 213.111.

### Prayer for Relief

**WHEREFORE**, plaintiff prays under Count I of her Complaint that this Court, after a trial by jury, find that the defendants have engaged in unlawful employment practices under the laws governing equal employment opportunities and, because of said unlawful employment practices,

   A. Grant a permanent injunction enjoining defendants, their officers, agents, employees, successors, assigns, and all persons in active concert or participating with them, from engaging in any employment practice which discriminates because of race;

   B. Grant plaintiff a judgment against defendants in excess of $50,000 for her damages

together with such other relief as the Court deems appropriate;

C.  Award plaintiff punitive damages in excess of $100,000;

D.  Award plaintiff the costs and disbursements of this action, including reasonable attorney fees; and

E.  Grant such further relief as the Court deems necessary and proper.

## COUNT II

### Sex Discrimination (Missouri Human Rights Act)

**COMES NOW** plaintiff and for Count II of her Complaint states:

31.  Paragraphs 1 through 30 are incorporated herein by reference.

32.  Defendant, by and through its agents, intentionally engaged in unlawful employment practices in violation of Mo. Rev. Stat. § 213.010 *et seq.*, including but not limited to:

   a.  creating a hostile or offensive work environment whereby plaintiff, a female, was subjected to sexual remarks by male employees.

33.  As a direct and proximate result of said unlawful employment practices, plaintiff has suffered mental anguish and humiliation.

### Prayer for Relief

**WHEREFORE**, plaintiff prays under Count II of her Complaint that this Court, after a trial by jury, find that the defendants have engaged in unlawful employment practices under the laws governing equal employment opportunities and, because of said unlawful employment practices,

A.  Grant a permanent injunction enjoining defendants, their officers, agents, employees, successors, assigns, and all persons in active concert or participating with them, from engaging in any employment practice which discriminates because of sex;

B.  Grant plaintiff a judgment against defendants in excess of $5,000 for her damages

together with such other relief as the Court deems appropriate;

    C.    Award plaintiff punitive damages in excess of $10,000;

    D.    Award plaintiff the costs and disbursements of this action, including reasonable attorney fees; and

    E.    Grant such further relief as the Court deems necessary and proper.

## COUNT III

### Retaliation (Missouri Human Rights Act)

**COMES NOW** plaintiff and for Count III of her Complaint states:

34.    Paragraphs 1 through 33 are incorporated herein by reference.

35.    Defendant, by and through its agents, intentionally engaged in unlawful employment practices in violation of RSMo § 213.010 *et seq.*, including but not limited to:

    a.    retaliating against plaintiff by denying her access to public records because she had filed a discrimination charge against defendant with the MCHR.

36.    As a direct and proximate result of said unlawful employment practices, plaintiff has suffered mental anguish and humiliation.

### Prayer for Relief

**WHEREFORE**, plaintiff prays under Count III of her Complaint that this Court, after a trial by jury, find that the defendants have engaged in unlawful employment practices under the laws governing equal employment opportunities and, because of said unlawful employment practices,

    A.    Grant a permanent injunction enjoining defendants, their officers, agents, employees, successors, assigns, and all persons in active concert or participating with them, from engaging in any employment practice which discriminates because of the act of filing a discrimination charge with the MCHR;

B.  Grant plaintiff a judgment against defendants in excess of $5,000 for her damages together with such other relief as the Court deems appropriate;

C.  Award plaintiff punitive damages in excess of $10,000;

D.  Award plaintiff the costs and disbursements of this action, including reasonable attorney fees; and

E.  Grant such further relief as the Court deems necessary and proper.

## COUNT IV

### Race Discrimination (Title VII of the Civil Rights Act of 1964)

**COMES NOW** plaintiff and for Count IV of her Complaint states:

37.  Paragraphs 1 through 36 are incorporated herein by reference.

38.  Defendant, by and through its agents, intentionally engaged in unlawful employment practices in violation of § 2000(e) *et seq.* of Title VII of the Civil Rights Act of 1964, as amended, by practices including, but not limited to, the following:

   a.  refusing plaintiff raises while giving raises to white employees;

   b.  changing plaintiff's work hours without cause or explanation while white employees' hours remained unchanged;

   c.  terminating plaintiff for alleged financial difficulties while retaining all white employees and even hiring more white employees.

39.  As a direct and proximate result of said unlawful employment practices, plaintiff has suffered loss of wages, benefits, experience, and career advancement, and also has suffered mental anguish and humiliation.

40.  Because of said damages, plaintiff is entitled to such affirmative relief as may be appropriate, including but not limited to reinstatement, lost wages and benefits pursuant to the

provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e)-5(g).

## Prayer for Relief

**WHEREFORE**, plaintiff prays under Count IV of her Complaint that this Court, after a trial by jury, find that the defendants have engaged in unlawful employment practices under the laws governing equal employment opportunities and, because of said unlawful employment practices,

A. Grant a permanent injunction enjoining defendants, their officers, agents, employees, successors, assigns, and all persons in active concert or participating with them, from engaging in any employment practice which discriminates because of race;

B. Grant plaintiff a judgment against defendants in excess of $50,000 for her damages together with such other relief as the Court deems appropriate;

C. Award plaintiff the costs and disbursements of this action, including reasonable attorney fees; and

D. Grant such further relief as the Court deems necessary and proper.

## COUNT V

### Deprivation of Rights Under Federal Law (42 U.S.C. § 1983)

**COMES NOW** plaintiff and for Count V of her complaint states:

41. Paragraphs 1 through 40 are incorporated herein by reference.

42. Defendant, by and through its agents, acting under color of state law, has intentionally and purposefully interfered with the employment opportunities of plaintiff because of her race, Black, causing her damage in violation of her rights under 42 U.S.C. § 1981 and the Fourteenth Amendment of the Constitution of the United States.

43. As a direct and proximate result of said unlawful employment practices, plaintiff has suffered loss of wages, benefits, experience, and career advancement, and also has suffered mental

anguish and humiliation.

## Prayer for Relief

**WHEREFORE**, plaintiff urges this Court after a trial by jury of her claim under 42 U.S.C. § 1983, for which a jury is hereby demanded, to find that the defendant has engaged in unlawful employment practices under the laws governing equal employment opportunity, in violation of plaintiff's rights under 42 U.S.C. § 1981 and the Fourteenth Amendment, and because of said unlawful employment practices:

    A.    Order defendant to make plaintiff whole for the loss of income she has suffered as a result of the unlawful acts of discrimination, including back pay from the time of the unlawful discrimination with interest thereon and fringe benefits, and other affirmative relief necessary to eradicate the effects of defendants' unlawful employment practices.

    B.    Award plaintiff punitive damages in excess of $50,000.

    C.    Allow plaintiff the costs of this action, including reasonable attorney fees and expenses incurred.

    D.    Grant such additional and affirmative relief as the Court may deem just and proper.

## COUNT VI

### Sex Discrimination (Title VII of the Civil Rights Act of 1964)

**COMES NOW** plaintiff and for Count VI of her Complaint does state:

44.    Paragraphs 1 through 43 are incorporated herein by reference.

45.    Defendant, by and through its agents, intentionally engaged in unlawful employment practices in violation of § 2000(e) *et seq.* of Title VII of the Civil Rights Act of 1964, as amended, by practices including, but not limited to, the following:

    a.    creating a hostile or offensive work environment whereby plaintiff, a

female, was subjected to sexual remarks by male employees.

46. As a direct and proximate result of said unlawful employment practices, plaintiff has suffered mental anguish and humiliation.

**Prayer for Relief**

**WHEREFORE**, plaintiff prays under Count VI of her Complaint that this Court, after a trial by jury, find that the defendants have engaged in unlawful employment practices under the laws governing equal employment opportunities and, because of said unlawful employment practices,

A. Grant a permanent injunction enjoining defendants, their officers, agents, employees, successors, assigns, and all persons in active concert or participating with them, from engaging in any employment practice which discriminates because of sex;

B. Grant plaintiff a judgment against defendants in excess of $5,000 for her damages together with such other relief as the Court deems appropriate;

C. Award plaintiff the costs and disbursements of this action, including reasonable attorney fees; and

D. Grant such further relief as the Court deems necessary and proper.

## COUNT VII

### Retaliation (Title VII of the Civil Rights Act of 1964)

**COMES NOW** plaintiff and for Count VII of her complaint does state:

47. Paragraphs 1 through 46 are incorporated herein by reference.

48. Defendant, by and through its agents, intentionally engaged in unlawful employment practices in violation of § 2000(e) *et seq.* of Title VII of the Civil Rights Act of 1964, as amended, by practices including, but not limited to, the following:

    a. retaliating against plaintiff by denying her access to public records because

she had filed a discrimination charge against defendant with the EEOC.

49. As a direct and proximate result of said unlawful employment practices, plaintiff has suffered mental anguish and humiliation.

**Prayer for Relief**

**WHEREFORE**, plaintiff prays under Count III of her Complaint that this Court, after a trial by jury, find that the defendants have engaged in unlawful employment practices under the laws governing equal employment opportunities and, because of said unlawful employment practices,

A. Grant a permanent injunction enjoining defendants, their officers, agents, employees, successors, assigns, and all persons in active concert or participating with them, from engaging in any employment practice which discriminates because of the act of filing a discrimination charge with the MCHR;

B. Grant plaintiff a judgment against defendants in excess of $5,000 for her damages together with such other relief as the Court deems appropriate;

C. Award plaintiff the costs and disbursements of this action, including reasonable attorney fees; and

D. Grant such further relief as the Court deems necessary and proper.

## COUNT VIII

### Violation of the Missouri Sunshine Law

**COMES NOW** plaintiff and for Count VIII of her complaint states:

50. Paragraphs 1 through 49 are incorporated herein by reference.

51. Defendant, by and through its agents, deprived Plaintiff of her right to inspect and copy public records in violation of Mo. Rev. Stat. § 610.010 *et seq.* of the Missouri Sunshine Law.

52. The public records at issue were minutes of defendant's Board of Aldermen meetings.

Said records were not closed pursuant to Mo. Rev. Stat. § 610.021.

## Prayer for Relief

**WHEREFORE**, plaintiff urges this Court after a trial by jury, to find that the defendant has violated Mo. Rev. Stat. § 610.010 *et seq.* of the Missouri Sunshine Law and because of said violation:

A. Order defendant to pay a civil penalty in the amount of $5,000.

B. Allow plaintiff the costs of this action, including reasonable attorney fees and expenses incurred.

C. Grant such additional and affirmative relief as the Court may deem just and proper.

Respectfully submitted,

LICHTENEGGER LAW FIRM

_____
Thad M. Brady, #5251490
2480 East Main St.
P. O. Box 350
Jackson, Missouri 63755
(573) 243-8463
ATTORNEYS FOR PLAINTIFF

| | |
|---|---|
| **STATE OF MISSOURI** | ) |
| | ) ss. |
| **COUNTY OF CAPE GIRARDEAU** | ) |

Sydney Williams, of lawful age, being duly sworn on her oath, states that the facts stated therein are true according to the best knowledge and belief of Plaintiff.

_____
Plaintiff name

Subscribed and sworn to before me this __3RD__ day of __May__, 2010.

_____, Notary Public
State of Missouri
County of _____
My term expires: _____

L:\Home\Thad\Williams, Sydney\PETITION.wpd



KIM CROWDEN
My Commission Expires
May 27, 2011
Cape Girardeau County
Commission #07398427