# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| SYDNEY WILLIAMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 1:10CV00081LMB |
| | ) |
| CITY OF MARSTON, | ) |
| | ) |
| Defendant. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the court upon plaintiff's Complaint alleging employment discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq., and the Missouri Human Rights Act ("MHRA"), Mo. Rev. Stat. § 213.010. This case has been assigned to the undersigned United States Magistrate Judge pursuant to the Civil Justice Reform Act and is being heard by consent of the parties under 28 U.S.C. § 636 (c).

Presently pending before the court is Defendant City of Marston's Motion for Partial Summary Judgment. (Document Number 6). Plaintiff has filed a Memorandum in Opposition to Defendant's Motion for Partial Summary Judgment (Doc. No. 8), to which defendant has filed a Reply (Doc. No. 9). Plaintiff has also filed a Supplemental Memorandum in Opposition to Defendant's Motion for Partial Summary Judgment (Doc. No. 19), to which defendant has filed a Reply (Doc. No. 20).

**Factual Background**[1]

Viewed in the light most favorable to the plaintiff, the record reveals the following facts. Plaintiff was hired as a police officer for Defendant, City of Marston, Missouri ("City"), during or about May 2002. On or about July 10, 2007, plaintiff's salary was raised to $700.00 per week. Plaintiff approached the Board of Aldermen for the City of Marston ("Board") on May 13, 2008 to request a raise, which was denied by the Board. Plaintiff alleges that she was asked to take a pay cut during or about August or September of 2008. The City has no record to indicate any request for a pay cut was made to plaintiff.

On October 14, 2008, the Board laid off plaintiff. Immediately after being laid off in October 2008 plaintiff filed for, and received, unemployment compensation. On June 11, 2009, plaintiff requested of the Board to be permitted to return to work for the City; however, the Board denied this request.

On June 22, 2009, plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Missouri Commission on Human Rights ("MCHR") asserting she was discriminated against on June 11, 2009 due to her race and her sex. Plaintiff claimed that she was discharged on June 11, 2009, had been denied a raise several times, and had been asked to take a pay cut but refused. On or about July 14, 2009, plaintiff filed a charge of discrimination with the EEOC and the MCHR asserting that she was retaliated against on July 8, 2009, by being denied the right to make copies of documents at City Hall.

Defendant did not employ fifteen or more employees for a period of twenty or more

---

[1]The court's recitation of the facts is taken from defendant's Statement of Uncontroverted Material Facts, Plaintiff's Statement of Material Facts in Dispute, and defendant's Reply to Plaintiff's Statement of Material Facts in Dispute.

calendar weeks during the years 2007, 2008, or 2009.

**Discussion**

In its Motion for Partial Summary Judgment, defendant argues that this court lacks subject matter jurisdiction under Title VII of the Civil Rights Act because the City of Marston is not an "employer" under the Act. Defendant contends that the court also lacks subject matter jurisdiction under the Missouri Human Rights Act because the City of Marston does not meet that Act's definition of an employer. Defendant further argues that the court lacks subject matter jurisdiction due to plaintiff's failure to exhaust her administrative remedies.

### A. Summary Judgment Standard

A court may grant summary judgment when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law, according to Federal Rule of Civil Procedure 56 (c). A fact is material only when its resolution affects the outcome of the case. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party. See id. at 252, 106 S. Ct. 2512. In deciding a motion for summary judgment, the court must review the facts and all reasonable inferences in a light most favorable to the nonmoving party. See Canada v. Union Elec. Co., 135 F.3d 1211, 1212 (8th Cir. 1997).

In a motion for summary judgment, the movant bears the initial burden of proving the absence of any genuine issue of material fact that would preclude judgment for the movant. See City of Mt. Pleasant, Iowa v. Associated Elec. Co-op, Inc., 838 F.2d 268, 273 (8th Cir. 1988). Once the movant has met this burden, the non-movant may not rely on mere denials or bare allegations, but must point to specific facts that raise a triable issue. See Anderson, 477 U.S. at

249, 106 S. Ct. 2510-2511.  The non-movant must set forth specific facts, by affidavit or otherwise, sufficient to raise a genuine issue of material fact for trial.  See Celotex Corp. v. Citrate, 477 U.S. 317, 324, 106 S. Ct. 2548, 2553, 91 L.Ed.2d 265 (1986).  The Supreme Court has found that "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the federal rules as a whole, which are designed to secure the just, speedy, and inexpensive determination of every action."  Id. at 327, 106 S.Ct. 2555 (quoting Fed. R. Civ. P. 1).

    **B.**    **"Employer" under Title VII**

In Counts IV, VI, and VII of her Complaint, plaintiff has asserted a cause of action under Title VII of the Civil Rights Act.  Defendant argues in its Motion for Partial Summary Judgment that this court lacks subject matter jurisdiction to consider these claims because the City of Marston does not fall within the Act's definition of an "employer."  Specifically, defendant argues that the City of Marston does not meet the fifteen employee requirement of the definition.

In her Memorandum in Opposition to Defendant's Motion for Partial Summary Judgment, plaintiff argued that whether defendant employed at least fifteen employees as required under Title VII is a material fact in dispute and plaintiff has not had adequate time to conduct discovery on this issue.  In her Supplemental Memorandum in Opposition to Defendant's Motion for Partial Summary Judgment, plaintiff states that, upon review of discovery received from defendant, plaintiff concedes that defendant did not employ fifteen or more employees for a period of twenty or more calendar weeks during the years 2007, 2008, or 2009.

Under Title VII, a plaintiff may only bring a claim against an "employer."  42 U.S.C. § 2000e-2(a). Employer is defined as "a person engaged in an industry affecting commerce who has

4

fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person..." 42 U.S.C. § 2000e(b).

Plaintiff concedes that Defendant the City of Marston did not employ fifteen or more employees for a period of twenty or more calendar weeks during the relevant years of 2007, 2008, or 2009. As such, defendant is not an employer under Title VII, and summary judgment will be entered in favor of defendant on Counts IV, VI, and VII of plaintiff's Complaint.

### C. "Employer" under the MHRA

Counts I, II, and III of plaintiff's Complaint assert a cause of action under the MHRA. Defendant argues that this court lacks subject matter jurisdiction under the MHRA to consider these claims because the City of Marston does not fall within the Act's definition of an "employer." Specifically, defendant contends that the City of Marston did not employ six or more persons within the State of Missouri at the time of the alleged act of discrimination.

In her initial Memorandum in Opposition to defendant's Motion for Partial Summary Judgment, plaintiff argued that whether defendant employed at least six employees as required under the MHRA is a material fact in dispute and plaintiff has not had adequate time to conduct discovery on this issue. In her Supplemental Memorandum in Opposition to Defendant's Motion for Partial Summary Judgment, plaintiff contends that defendant is a political subdivision of the State of Missouri and is thus a covered employer under the Act. Plaintiff further argues that, even if defendant were not a political subdivision of the State, defendant employed more than six employees during the time of the alleged discriminatory acts.

In its Reply to plaintiff's Supplemental Memorandum in Opposition to Defendant's Motion for Partial Summary Judgment, defendant argues that the Act requires that a political

5

subdivision employ six or more persons within the State of Missouri to fall within the definition of an employer and that the City of Marston only had four employees on the alleged date of discrimination. Defendant thus contends that the City of Marston is not an employer under the Act.

Under the MHRA, it is "an unlawful employment practice for an employer, because of race...to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race... Mo. Rev. Stat. § 213.055.1(1)(a). The Act defines "employer" as follows:

> the state, or any political or civil subdivision thereof, or any person employing six or more persons within the state, and any person directly acting in the interest of an employer, but does not include corporations and associations owned and operated by religious or sectarian groups.

Mo. Rev. Stat. § 213.010(7).

"The primary rule of statutory interpretation is to effectuate legislative intent through reference to the plain and ordinary meaning of the statutory language." State v. Barraza, 238 S.W.3d 187, 192 (Mo. Ct. App. 2007) (quoting State v. Graham, 204 S.W.3d 655, 656 (Mo. banc 2006)). To determine whether a statute is clear and unambiguous, the court looks to whether the language is "plain and clear to a person of ordinary intelligence." State v. Goddard, 34 S.W.3d 436, 438 (Mo. Ct. App. 2000). "Where the statutory language is open to more than one reasonable interpretation, then the statute is ambiguous." Barraza, 238 S.W.3d at 192. Where the statutory language is unambiguous, the court need not resort to statutory construction and must give effect to the statute as written. State v. Graham, 149 S.W.3d 465, 467 (Mo. Ct. App. 2004).

6

The plain language of the statute decides this question. Employer is defined as: (1) the state; or (2) any political or civil subdivision of the state; or (3) any person employing six or more persons within the state. This language plainly does not require that the state or political or civil subdivision of the state employ six or more persons to fall within the definition of "employer." Defendant City of Marston is a political subdivision of the State of Missouri and is, therefore, a covered employer under the MHRA.

### D.  Exhaustion of Administrative Remedies

Defendant finally argues that plaintiff has failed to exhaust her administrative remedies with regard to Counts I, II, IV, and VI. The undersigned has already found that defendant is entitled to summary judgment on counts IV and VI. As such, the court will only consider whether plaintiff exhausted her administrative remedies as to counts I and II, which assert claims under the MHRA.

The MHRA requires a plaintiff to exhaust her administrative remedies by filing a Charge of Discrimination with the EEOC or the MCHR. Mo. Rev. Stat. § 213.075.1; Shannon v. Ford Motor Co., 72 F.3d 678, 684 (8th Cir. 1996) (quoting Williams v. Little Rock Mun. Water Works, 21 F.3d 218, 222 (8th Cir. 1994)). "Administrative remedies are exhausted by the timely filing of a charge and the receipt of a right-to-sue letter." Faibisch v. Univ. of Minn., 304 F.3d 797, 803 (8th Cir. 2002). Under the MHRA, a charge of discrimination must be filed within 180 days of the alleged unlawful employment practice. Mo. Rev. Stat. § 213.075.1. Where a plaintiff is terminated or disciplined, the statute commences running when the plaintiff receives notification of the termination decision or of the discipline. See Dring v. McDonnell Douglas Corp., 58 F.3d 1323, 1328 (8th Cir. 1995).

### 1. Count I

With regard to Count I, defendant claims that the statutory 180 days began to run October 14, 2008, when plaintiff was laid off, and that the time for filing a charge of discrimination expired on April 12, 2009. Defendant contends that, because plaintiff did not file her charge of discrimination until June 22, 2009, the statute of limitations had passed and this court lacks subject matter jurisdiction to consider Count I.

Plaintiff argues that when defendant placed her on laid-off status on October 14, 2008, defendant suggested that the layoff was only temporary and indicated that she could return to work once defendant received FEMA funding to clean up from an ice storm. Plaintiff contends that she inquired about her job at defendant's Board of Aldermen meeting on June 11, 2009, after defendant had received the FEMA funding and began employing workers to clean up from the ice storm. Plaintiff states that defendant denied her request to return to work and closed the police department at that time. Plaintiff argues that the act of closing the police department effectively terminated her employment, and was defendant's final action in a continuing pattern of discriminatory acts. Plaintiff thus contends that her charge of discrimination was timely. Plaintiff argues in the alternative that equitable estoppel should apply because when she was placed in laid-off status, she was told that she would be brought back to work as soon as defendant received FEMA funding, and she relied on defendant's statement and delayed filing her charge of discrimination.

The continuing violation theory allows a plaintiff to recover for conduct occurring prior to the statutory periods, as long as the plaintiff "can demonstrate the act is part of an ongoing practice or pattern of discrimination by her employer." Pollock v. Wetterau Food Distribution

Group, 11 S.W.3d 754, 763 (Mo. Ct. App. 1999). This theory recognizes that this claim "cannot be said to occur on any particular day. It occurs over a series of days or perhaps years." Jensen v. Henderson, 315 F.3d 854, 859 (8th Cir. 2002). Missouri courts have held that "[i]n order for continual employment discrimination to be established [under the MHRA], it must be found that a continual employment relationship existed, and if the employment relationship be severed by discharge or resignation, any alleged employment discrimination ceases to exist." See Missouri Pac. R.R. Co. v. Missouri Comm'n on Human Rights, 606 S.W.2d 496, 501 (Mo. Ct. App. 1980) (citing Rudolph v. Wagner Elect. Corp., 586 F.2d 90 (8th Cir. 1978)).

"The doctrine of equitable estoppel applies when the employee knows she has a claim, but the employer affirmatively and actively takes action that causes the employee not to timely file her suit." Henderson v. Ford Motor Co., 403 F.3d 1026, 1033 (8th Cir. 2005).

In this case, plaintiff was laid off on October 14, 2008. Plaintiff contends that defendant informed her at this time that the lay-off was temporary and that she would return to work when defendant received FEMA funding resulting from an ice storm. As defendant points out, however, the ice storm that struck the Marston, Missouri area did not occur until January 26, 2009. As such, it was factually impossible for defendant to know in October of 2008 that an ice storm would occur and that the City of Marston would receive FEMA funding as a result.

Plaintiff's employment was terminated on October 14, 2008, when she was laid-off, and no other police officer was hired. Neither the continuing violation theory nor equitable tolling applies in this case. The 180-day period for filing a charge of discrimination expired on April 12, 2009, and plaintiff's charge of discrimination filed on June 22, 2009 was untimely. Thus, summary judgment will be entered in favor of defendant on Count I of plaintiff's Complaint.

**2.     Count II**

Defendant argues that plaintiff has failed to exhaust her administrative remedies with regard to Count II in that plaintiff did not raise allegations of a hostile or offensive work environment via sexual remarks at the administrative level.  Plaintiff acknowledges that she did not allege in her Complaint a hostile work environment in her discrimination charges and requests leave to amend Count II to conform to her allegations in the discrimination charges filed with the MCHR and EEOC.

The undersigned will enter summary judgment in favor of defendant on Count II of plaintiff's Complaint with leave to amend.  The court will grant plaintiff leave to file an Amended Complaint in which Count II is amended to conform to the allegations in the discrimination charges filed with the MCHR and EEOC.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant City of Marston's Motion for Partial Summary Judgment (Doc. No. 6) be and it is **granted as to Counts I, II, IV, VI, and VII of plaintiff's Complaint**. A separate order of Partial Summary Judgment will be entered on this date.

**IT IS FURTHER ORDERED** that plaintiff is granted leave to file within 20 days of the date of this Order an Amended Complaint incorporating as the allegations for Count II the charges filed with the MCHR and EEOC. Defendant will have 14 days from the date the Amended Complaint is filed to respond to the plaintiff's Amended Complaint.

Dated this 4th day of February, 2011.

                                                LEWIS M. BLANTON
                                                UNITED STATES MAGISTRATE JUDGE