UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| SYDNEY WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 1:10 CV00081 LMB |
| ) | |
| CITY OF MARSTON, ) | |
| ) | |
| Defendant. ) | |

**<u>MEMORANDUM AND ORDER</u>**

Presently pending before the court is plaintiff's Motion to Reconsider Partial Summary Judgment. (Document Number 23). Defendant has filed a Response (Doc. No. 24), and plaintiff has filed a Reply (Doc. No. 25).

On February 4, 2011, the court granted defendant City of Marston's Motion for Partial Summary Judgment, and entered summary judgment in favor of defendant on Count I, Count II, Count IV, Count VI, and Count VII of plaintiff's Complaint. (Docs. No. 21, 22).

On March 4, 2011, plaintiff filed a motion to reconsider pursuant to Federal Rule of Civil Procedure 59(e), in which she requests that the court reconsider its order granting summary judgment on Count I of plaintiff's Complaint. (Doc. No. 23). Plaintiff argues that the court's order was based on a factual error or, in the alternative, the court failed to view the facts in the light most favorable to the plaintiff.

Although the Federal Rules of Civil Procedure do not mention motions to reconsider, the

1

Eighth Circuit Court of Appeals has held that when the motion is made in response to a final order, Rule 59(e) applies. See Schoffstall v. Henderson, 223 F.3d 818, 827 (8th Cir. 2000); Broadway v. Norris, 193 F.3d 987, 989 (8th Cir. 1999). A motion to alter or amend the judgment under Rule 59(e) must be served no later than ten days after the entry of "the judgment." Fed.R.Civ.P 59(e). District courts enjoy broad discretion in ruling on such motions. See Concordia College Corp. v. W.R. Grace & Co., 999 F.2d 326, 330 (8th Cir. 1993). A Rule 59(e) motion cannot be used "to introduce new evidence that could have been adduced during pendency of the...motion...Nor should a motion for reconsideration serve as the occasion to tender new legal theories for the first time." Id. See Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs. of the Black Hills, 141 F.3d 1284, 1286 (8th Cir. 1998) ("Rule 59(e) motions serve a limited function of correcting 'manifest errors of law or fact or to present newly discovered evidence.'").

Plaintiff's motion to reconsider challenges only the court's granting of summary judgment on Count I of the Complaint. In Count I of her Complaint, plaintiff asserts a cause of action under the Missouri Human Rights Act ("MHRA"). The court found that plaintiff failed to exhaust her administrative remedies as to Count I by filing a timely Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") or the Missouri Commission on Human Rights ("MCHR"). Specifically, the undersigned found that the 180-day period for filing a charge of discrimination expired on April 12, 2009; equitable tolling did not apply; and plaintiff's charge of discrimination filed on June 22, 2009 was untimely.

Plaintiff first argues that the court's decision regarding equitable tolling was based on a

factual error. Specifically, plaintiff contends that the court misinterprets when defendant made statements to plaintiff that she would be brought back to work once FEMA funding was secured. Plaintiff refers to the following finding by the court:

> Plaintiff contends that defendant informed her at this time [October 14, 2008] that the lay-off was temporary and that she would return to work when defendant received FEMA funding resulting from an ice storm. As defendant points out, however, the ice storm that struck the Marston, Missouri area did not occur until January 26, 2009. As such it was factually impossible for defendant to know in October of 2008 that an ice storm would occur and that the City of Marston would receive FEMA funding as a result.

(February 4, 2011 Memorandum and Order, p. 9).

Plaintiff argues that her Affidavit in Support of Plaintiff's Memorandum Opposing Defendant's Motion for Partial Summary Judgment ("Plaintiff's Affidavit") is ambiguous as to when defendant made the statement regarding the FEMA funding and that the court incorrectly interpreted plaintiff's Affidavit to mean that defendant made this statement on October 14, 2008, prior to the occurrence of the ice storm. Plaintiff contends that this statement was actually made some time later in March 2009 at defendant's monthly Board of Aldermen meeting. Plaintiff further argues, for the first time, that on October 14, 2008, Mayor Rebecca Redden told plaintiff that the lay-off was temporary and that she would be brought back to work once defendant received tax revenues at the end of the year. In support of these allegations, plaintiff has attached a new Affidavit of Plaintiff Sydney Williams, dated March 2, 2011, along with Affidavits of Antwon Walton (an acquaintance of plaintiff), and Sybil Williams (plaintiff's sister).

Plaintiff makes no attempt to argue that this new evidence could not have been produced when defendant's motion for summary judgment was pending. Defendant raised the factual impossibility issue in its Reply to Plaintiff's Memorandum in Opposition to Motion for Summary

3

Judgment. Although plaintiff had the opportunity to clarify this issue at that time, she did not do so. As defendant points out, plaintiff filed a Motion for Leave to File her Statement of Material Facts in Dispute Out of Time on July 28, 2010, approximately a week after defendant filed its Reply. Plaintiff, therefore, had the opportunity to present evidence to refute defendant's statement regarding the factual impossibility but declined to do so. Plaintiff cannot present new evidence that was available when the motion for summary judgment was pending in a motion for reconsideration. See Concordia College Corp., 999 F.2d at 330 (motion for reconsideration cannot be used "to introduce new evidence that could have been adduced during pendency of the...motion...Nor should a motion for reconsideration serve as the occasion to tender new legal theories for the first time").

Plaintiff argues in the alternative that the court failed to view the evidence in the light most favorable to the plaintiff in granting summary judgment in favor of defendant on Count I. Plaintiff contends that, given the ambiguity of paragraph 7 of Plaintiff's Affidavit, the court should have reasonably inferred that defendant made the alleged statement following the January 26, 2009 ice storm, and not on October 14, 2008, prior to the storm.

Plaintiff stated as follows in her Affidavit:

> 6. On October 14, 2008, Defendant placed me on laid-off status and cited financial reasons for laying me off.
>
> 7. Defendant told me that I would be brought back to work once Defendant received FEMA funds to clean up from an ice storm. I relied on this statement and did not file a discrimination charge at the time.

In her Memorandum in Opposition to Defendant's Motion for Partial Summary Judgment, plaintiff stated:

4

> When Defendant placed the Plaintiff on laid-off status on October 14, 2008, Defendant cited financial reasons and lack of funding as justification for its actions. (Williams Aff. 2). Defendant suggested the layoff was only temporary, telling the Plaintiff that she would be brought back to work once Defendant received FEMA funding to clean up from an ice storm. (Id.).

(Doc. No. 8, p. 5). Plaintiff further stated: "Defendant told Plaintiff when she was placed in laid-off status that she would be brought back to work as soon as Defendant received FEMA funding. (Williams Aff. 2)." (Doc. No. 8, p. 6).

Plaintiff's Affidavit, read together with plaintiff's Memorandum in Opposition to Defendant's Motion for Partial Summary Judgment, reveals no ambiguity as to when defendant allegedly made the statement regarding the FEMA funding. The court viewed the evidence in the light most favorable to the plaintiff and concluded that equitable tolling did not apply, and that plaintiff's charge of discrimination filed on June 22, 2009 was untimely.

In sum, the Court finds that plaintiff has failed to demonstrate that "manifest errors" exist such that altering or amending this court's February 4, 2011 Memorandum and Order would be justified under Rule 59(e). Innovative Home Health Care, Inc., 141 F.3d at 1286. Thus, plaintiff's motion to reconsider will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's Motion to Reconsider Partial Summary Judgment (Doc. No. 23) be and it is **denied**.

5

Dated this  31st    day of May, 2011.

                                           /s/ Lewis M. Blanton
                                           LEWIS M. BLANTON
                                           UNITED STATES MAGISTRATE JUDGE